IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the Matter of: | Case No. 10-08895 (BKT) |
| PABLO VELAZQUEZ RIVERA<br>SSN: xxx-xx-1209 | Chapter 13 |
| Debtor | |

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN DATED
SEPTEMBER 26TH 2010 (DOCKET NO. 5)

TO THE HONORABLE COURT:

COMES NOW, creditor POPULAR AUTO, represented by the undersigned attorney and hereby objects to the proposed chapter 13 plan on the following grounds:

1. On September 26th 2010, the above named debtor filed a Bankruptcy petition under Chapter 13 of Title 11 of the United States Code.

2. Popular Auto is a creditor of the above named debtor pursuant to 11 U.S.C. §101(10) and therefore, a party in interest in the instant proceeding.

3. On January 8th 2009, debtor Pablo Velazquez Rivera subscribed with appearing creditor a Financial Lease Agreement, contract no. xx-xxx-xxxxx-xx-x0378, regarding a 2009 Jeep Grand Cherokee. The contract is payable in seventy-two (72) consecutive monthly installments of $635.61 each and expires by its own terms on January 4th 2015.

4. Popular Auto filed the corresponding claim for its debt on October 29th 2010, in the amount of $2,305.47 (pre-petition arrears owed at filing date and not the pay-off balance to cancel the loan). See claim no. 5.

5. Debtor's proposed Chapter 13 Plan dated September 26th 2010 (docket no. 5), calls for sixty (60) payments of $800.00 for a total base of $48,000.00. The plan provides for the Trustee to pay attorney's fees in the amount of $0.00[1] through the plan; pre-petition arrears and direct payments to Firstbank; payment "In Full" to Residents Owners Assoc.; direct payments to Popular Auto; and pro-rata distribution to all general unsecured creditors.

6. Section 1325(a)(1) of the Bankruptcy Code, 11 U.S.C. §1325(a)(1), clearly states that a plan shall be confirmed if "the plan complies with the provisions of this chapter and with the other applicable provisions of this title."[2] Section 365 of the Bankruptcy Code, infra, deals with the treatment of executory contracts and unexpired leases in bankruptcy (assumption, rejection, assignment, etc.).

7. The proposed plan fails to comply with §365(a) and (b)(1)(A) of the Bankruptcy Code, 11 U.S.C. §365(a) and (b)(1)(A), that states as follows:

> (a) Except as provided in section 765 and 766 of this title and in subsections (b), (c), and (d) of this section, <u>the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor</u>.
> (b) (1) If there has been a default in an executory contract or unexpired lease of the debtor, the Trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the Trustee—

---

[1] No amount is specified in the chapter 13 plan.
[2] Please refer also to §1322(b)(7) of the Bankruptcy Code.

      (A) cures, or provides adequate assurance that the Trustee will promptly cure, such default;
      (B) compensates, or provides adequate assurance that the Trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
      (C) provides adequate assurance of future performance under such contract or lease. (Emphasis added).

8. As §365(a), supra, clearly states the trustee[3] subject to the court's approval may assume or reject executory contracts or unexpired leases of the debtor. However, the assumption or rejection should be made by motion and shall be noticed to all parties in interest as required by Rule 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (FRBP).

9. Another possible alternative is the inclusion in his chapter 13 plan of a provision assuming or rejecting the lease in accordance with Rule 3015-2(a)(3) of the Puerto Rico Local Bankruptcy Rules (P.R. LBR). A cursory review of the legal docket of the case shows unequivocally that no motion assuming or rejecting the lease described in ¶ 3 of this motion has been filed by the debtor nor a provision assuming or rejecting the lease has been included in his proposed chapter 13 plan.

10. **Debtor's proposed chapter 13 plan does not have a provision for the payment of the pre-petition arrears owed to Popular Auto in the amount of $2,305.47**.

---

[3] Section 1303 of the Bankruptcy Code, 11 U.S.C. §1303, regarding the use, sale or lease of property; states that the debtor shall have in some specific circumstances the rights and powers of the trustee.

11. Popular Auto submits that debtor's proposed Chapter 13 Plan dated September 26th 2010, fails to comply with the requirements of §§1325(a)(1) and 365(a) and (b)(1)(A) of the Bankruptcy Code.

WHEREFORE, creditor POPULAR AUTO, respectfully requests this Honorable Court to deny approval of the proposed plan for the reasons stated in the foregoing motion.

NOTICE IS HEREBY GIVEN THAT WITHIN TWENTY (20) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(f) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPIATE RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE OF THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE OBJECTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (i) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (ii) THE REQUESTED RELIEF ITS AGAINST PUBLIC POLICY; (iii) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on November 5th 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Jose L. Jimenez Quiñones, Esq., Attorney for debtor; Mr. Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee; and I hereby certify that I have mailed by the United States Postal Service the document to the following non CM/ECF participants: Mr. Pablo Velazquez Rivera, Debtor, PO Box 9667, Carolina, P.R. 00988.

Respectfully submitted in San Juan, Puerto Rico, this 5th day of November, 2010.

                                        **s/ EDGAR A. VEGA RIVERA**
                                        EDGAR A. VEGA RIVERA, ESQ.
                                        USDC- PR 212210
                                        Attorney for Popular Auto
                                        Consumer Bankruptcy Department
                                        PO Box 366818
                                        San Juan, Puerto Rico 00936-6818
                                        Tel. (787) 753-7849; Fax. (787) 751-7827
                                        E-mail: edvega@bppr.com